IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN MANUEL HERNANDEZ, § | | |
| Prisoner No. 25699-077 § | | |
| Movant, § | | |
| § | | |
| v. § | 3:09-CV-2487-D | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an Order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* motion to vacate, set aside or correct sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255.

Parties: Movant is presently confined at the Federal Detention Center, Seagoville, Texas.

Statement of the Case: Juan Manuel Hernandez, a/k/a "Cholo" (hereinafter referred to as "Movant" or "Hernandez"), pled guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute more than five kilograms of cocaine, a schedule II controlled substance, in violation of 21 U.S.C. § 846. *United States v. Rodriguez et al.*, No. 3:08cr00267-D-8 (N.D.Tex.). On May 8, 2009, the district court sentenced him to 188 months' imprisonment. *Id.* at Docket (hereinafter "Doc.") # 355. Movant appealed his conviction to the Fifth Circuit Court of Appeals, then moved to dismiss his appeal. *Id.* at Docs. # 587, 599. The Fifth Circuit dismissed his appeal on January 12, 2010. *Id.* at Doc. # 599.

In his timely § 2255 motion, Hernandez claims to have been denied effective assistance of counsel at sentencing.

Findings and Conclusions:  Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

Movant claims that his counsel did not file a motion for a sentence reduction pursuant to United States Sentencing Guidelines (USSG) § 3B1.2 (a) and (b), and failed to "invoke the district court's discretion to depart downward from the applicable guideline range". *See* No. 3:09cv02487, Doc. # 1, at P. 19, ¶ 23, and P. 26, ¶ 33.  He now seeks to have his sentenced vacated for resentencing with a downward adjustment of his base offense level by 2 to 4 points under § 3B1.2.

In the addendum to the presentence report (PSR), Movant's counsel objected on the basis that Hernandez should receive a 4-level reduction as a minimal participant under USSG § 3B1.2, as he was "merely a courier and that was his only responsibility within the criminal activity." Addendum to PSR at P. 2, No. 3:08cr00267-D-8.  The probation officer's written response declines to accept the objection, instead stating that Hernandez was only charged with narcotics possession on two occasions, and within those transactions he did not serve a lesser role.  *Id*.

During the May 8, 2009 sentencing hearing, Movant's counsel objected to the failure of the district court to accord a minimal participant decrease of four points in the offense level, pursuant to USSG § 3B1.2 (a).  The court overruled the objection, and found that Hernandez was not substantially less culpable than the average participant, given that the calculation of guidelines is based upon the particular transaction the defendant was involved in, as opposed to

the larger drug conspiracy as a whole. The Court explained its rationale for overruling the objection, which included the fact that Hernandez was only held accountable for the drugs involved in the transactions that he personally engaged in.

The Court also considered, *sua sponte*, factors to be considered in imposing a sentence, pursuant to 18 U.S.C. § 3553(a). In sentencing Hernandez to 188 months' imprisonment, which was at the bottom of the sentencing guideline range, the Court stated that it considered the objection raised by Hernandez's counsel that he should be accorded a downward adjustment for a mitigating role as a minimal participant.

A petitioner, seeking habeas corpus relief on the ground of ineffective assistance of counsel, must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668 at 687-694, 104 S. Ct. 2052 (1984.) The court need not address both components of the *Strickland* test if the Movant makes an insufficient showing on one. *Strickland*, 466 U.S. at 697. In the case of ineffective assistance at sentencing, a petitioner must demonstrate that the sentence was increased by the deficient performance of his defense attorney. *Glover v. United States,* 531 U.S. 198 at 200, 203-04, 121 S.Ct. 696 (2001).

Hernandez has failed to satisfy either prong of the *Strickland* test. Moreover, he cannot show that his sentence was increased by the allegedly deficient performance of his attorney, as the Court specifically acknowledged that part of the reason for sentencing Hernandez at the bottom of the guidelines range was due to his attorney's effort to obtain a downward adjustment to the guideline for Hernandez.

3

RECOMMENDATION:

For the foregoing reasons it is recommended that Petitioner's motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 be DENIED.

Signed this 27th day of April, 2010.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.